GIRARD TRUST CO. v. McKINLEY–LANNING LOAN & TRUST CO. et al.

(Circuit Court, E. D. Pennsylvania. February 6, 1906.)

No. 13.

1. TRUSTS—COMPENSATION—COMMISSIONS—WHEN EARNED.

Commissions to a trustee holding securities to secure debentures of an insolvent corporation are given as compensation, not only for the collection of such securities, but for the distribution of the proceeds, and will not be allowed on sums collected and remaining in the hands of the trustee until their distribution.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 449.]

2. RECEIVERS—ALLOWANCE OF FEES FROM TRUST FUND.

Fees are not allowable to a receiver appointed for an insolvent mortgage company or to his counsel out of the proceeds of securities pledged in trust by the company to secure its debenture holders, which were collected by the trustee and did not come into the hands of the receiver and in respect to which he performed no service; the amount collected being less than the claims of the debenture holders.

In Equity. On exceptions to master's report on trustee's account. See 135 Fed. 180.

Charles C. Townsend, Cornwell, Gheen & Cornwell, and George Wharton Pepper, for exceptions.

A. H. Wintersteen and George L. Crawford, opposed.

J. B. McPHERSON, District Judge. The facts upon which the decision of this controversy mainly depends will be found in the opinion delivered by this court (135 Fed. 180) upon exceptions to the interlocutory reports of the master, and a restatement is also contained in the present report. Not long after the court's decision upon the interlocutory reports, a petition was presented, asking that the Girard Trust Company be appointed an additional receiver, and on March 13, 1905, the appointment was made. In May, the Girard Trust Company filed an account of its doings as trustee up to the date of March 13, 1905, and the account was referred to the master, "to examine and report thereon and to recommend what decree or decrees should be entered by the court touching the matters and things set forth in said report, and the property administered and under administration as shown in said account, including distribution of moneys on hand." In obedience to this direction, the master prepared a report, which has been excepted to by the McKinley-Lanning Loan & Trust Company, and by certain of the debenture holders; and it is these exceptions that are now before the court for consideration.

The question of most importance, namely, whether any of the expenses incurred in collecting the assets that were deposited with the accountant as security for the debenture holders can be lawfully charged against the fund collected, was decided by the master and by the circuit court adversely to the exceptants, at the time when the interlocutory reports were under review. I do not think it necessary to add anything now to what will be found in the two reports of the master upon this subject, and I see no reason to change the opinion that I have already expressed.

No objection is made to the amount of fees that have been awarded to counsel for the accountant, if any amount whatever is properly payable out of the fund; but the sum claimed by the accountant itself as commissions is averred to be excessive. It is the ordinary charge of 5 per cent. upon the money collected, and, in view of the difficulty and complexity of the business, scattered as it was over several distant states, and involving the care, oversight, management and collection, respectively, of many small mortgages and pieces of real estate, I am unable to pronounce the charge too high. But the other branch of the first exception, which objects to the present allowance of commissions upon that part of the fund which the master recommends should be retained by the accountant for possible use in the continuing business of administering the trust, and for future distribution, stands upon a different footing. In my opinion, it will be time enough to consider the allowance of commissions upon this sum when the money comes to be actually distributed; for commissions are compensation, not only for collection, but also for distribution, and, until a

fund is actually distributed, the accountant's duties, for which commissions are to be paid, have not been completely discharged. Moreover, when several accounts are required before the final distribution .of an estate can be made, it is obvious that the total amount of compensation to which the accountant is entitled cannot be properly determined until the whole work is done, for it is only upon a complete survey of the accountant's labor and conduct that the total amount of compensation can be properly determined. In a given case, it is conceivable that the accountant might not even have in his hands the sum whose distribution he is asking the court to defer, having already misapplied it; and it is also conceivable that his subsequent conduct with reference to the sum which the court may permit him to retain might be such as justly to forfeit his commissions thereon. Of course, no such suggestion is applicable to the present case, but I am speaking of what I believe to be the general rule upon the subject, and stating what I think is one reason why it should be observed. Upon the amount, therefore, which the accountant is permitted to hold in its hands, no commissions for the present will be allowed.

I agree also with the exceptants in the position that no allowance can be made out of the fund now being distributed to the original receiver and to his counsel. During the period covered by this account, the original receiver collected a very small sum of money from another source, and he had no necessary duties to perform, so far as I can see, with reference to the securities by which the present fund was produced. No doubt he was entitled to redeem them, if he had been able to pay the sum due thereon by the McKinley-Lanning Loan & Trust Company; but he could not redeem them, and his only other right in connection with them, as it seems to me, was to claim such equity as might exist after the proceeds had been applied to the debentures for which these securities were primarily pledged. It is not averred that the present fund embraces any such equity, and I do not see, therefore, how the receiver or his counsel can be entitled to any allowance out of this fund thus devoted to another purpose. If general assets of the mortgage company shall hereafter be collected, the question of compensation for the receiver and his counsel may again be urged against such a fund, and perhaps a different question may then be presented.

The brief of counsel for the exceptants disclaims any intention of criticising the amount of the fees charged by the master, and this subject need not, therefore, be discussed. It is argued, however, that a portion at least of the master's charges, and also of the counsel fees claimed by the accountant, should be borne out of whatever funds may come into the hands of the receivers from the general assets of the company, and that all the charges and fees should not be assessed against a fund which was primarily intended for the benefit of the debenture holders. I am therefore asked to charge only one-half of the counsel fees and one-half of the master's charges against the present fund, leaving the rest to stand over, and to be charged against any general assets of the company that may be hereafter collected. Whether this would be equivalent to postponing them indefi-

nitely or not, I am not able to say. At present, the general fund is only $200 or $300, and not much more is in immediate prospect. I think, therefore, that it would be more equitable to charge these fees now against the fund in hand, but to state distinctly, that if a general fund of sufficient size should hereafter be collected, and if it should appear, upon further consideration, that such general fund is properly chargeable with any portion of these fees, the proper adjustment may then be made. If it should appear that the general fund should pay part of these charges, the proper proportion could then be diverted from that fund and restored to the debenture holders.

A decree may be drawn in accordance with this opinion.

---

### THE W. C. KIRK.

#### (District Court, D. New Jersey. January 23, 1906.)

COLLISION—VESSELS AT WHARF.

>    While a barge 20 feet wide was discharging on one side of a creek 40 feet wide, a canal boat 17 feet wide was placed alongside to discharge upon the other side, and left during the night, and when the tide receded the vessels sagged together, and the barge was injured. *Held*, that the canal boat should not have been left in such close proximity to the barge, and was in fault; also that the barge was in fault because during the afternoon and after the canal boat was placed she moved farther up, where the stream was narrower, which brought her closer still to the other vessel.

In Admiralty. Suit for collision.

David O. Watkins and J. Boyd Avis, for libelants.

Francis C. Lowthorp, for claimant.